UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
PETER SIMON,                                           **Index No.** 12 CV 2005 (JBW)(MDG)

                Plaintiff,                   **AMENDED COMPLAINT**

   -against-                                        **JURY DEMAND**

THE CITY OF NEW YORK,
PO PRATIMA GILL SHIELD # 26768
and PO DARREL DESIR

                Defendants.
--------------------------------------------------x

      Plaintiff, by his attorney, Philip Akakwam, Esq., complaining of the defendants, The City of New York, Police Officer Pratima Gill, Shield # 26768 and Police Officer Darrel Desir, upon information and belief alleges as follows:

### INTRODUCTION

      1. This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985].

      2. The Plaintiff seeks monetary damages for: the false arrest, false imprisonment, detention, and malicious prosecution of Plaintiff, and for subjecting said plaintiff to malicious abuse of criminal process, and otherwise, for the violation of Plaintiff's federally guaranteed constitutional and civil rights. And Plaintiff seeks whatever other relief is appropriate and necessary in order to serve the interest of justice and assure that his remedy is full and complete.

## JURISDICTION

3. The jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343[3] and [4] in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and under the Fourth and Fourteenth Amendments to the United States Constitution.

4. The Plaintiff also invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, et seq., this being an action in which the Plaintiff, while seeking monetary damages, also seeks declaratory and injunctive relief if such is deemed necessary and desirable and in the interest of justice in order to provide the Plaintiff with a full and complete remedy for the violation of his rights.

## PARTIES

5. Plaintiff, a black male of full age, is a resident of the City of New York, County of Kings and State of New York.

6. The City of New York is a municipal entity existing under the laws and Constitution of the State of New York and was the employer of the defendant police officers through its Police Department - New York City Police Department- and the actions of the police officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

7. At all times herein, individual defendants Police Officer Pratima Gill, Shield # 26768 and Police Officer Darrel Desir were employed as police officers of the City of New York, State of New York, and were acting under the color of their official capacity and their acts were performed under color of the statutes and ordinances of the City of New York and the State of New York. The defendant Police Officers were the servants, agents, and employees of their co-

defendant, the City of New York. Notwithstanding the wrongful and illegal nature of their acts and conduct as hereinafter described, they were taken in and during the course of their duties and functions as New York City Police Officers and incidental to the otherwise lawful performance of the same.

## FULFILLMENT OF ADMINISTRATIVE PREREQUISITES

8. All conditions precedent to filing of this action have been complied with; on January 30, 2012, within ninety days after the claim alleged in this complaint arose, a written notice of claim, sworn to by the plaintiff, was served upon the defendant City of New York by personal delivery of the notice in duplicate, to the person designated by law as one to whom a summons issued against such party may be delivered in an action in the Supreme Court. Plaintiff's claim was given Claim No. 2012PI002797.

9. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

10. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## FACTS COMMON TO CAUSES OF ACTION

11. On or about May 20, 2010, the defendant Officers were on duty and were acting within the scope of their authority as police officers for the defendant City of New York and in furtherance of the business of the City of New York.

12. On or about May 20, 2010, plaintiff was sitting inside his car parked on Nostrand Avenue at or near its intersection with Monroe street and was reviewing some lotto tickets and results when he was arrested by two police officers without any justification.

13. On the date aforesaid, while plaintiff was sitting in his parked car, defendant officers acting in concert with each other walked up to plaintiff and PO Gill told plaintiff that his eyes were "too shiny". Then PO Gill asked plaintiff to provide his driver's license and insurance documents.

14. Plaintiff complied by providing the officer with the requested documents. The officer took the license to her car and returned later to tell plaintiff that he was under arrest for driving while under the influence.

15. Plaintiff told her that he had not been drinking and that he was certainly not driving the car. Plaintiff advised the officer that the car had been parked there for more than three hours and that he had just gone into the car to retrieve his lotto tickets.

16. The defendant officers called for back-up and thereafter plaintiff was arrested, searched and cuffed on the street by the defendant officers in the presence of many people including some who knew plaintiff.

17. Later, plaintiff was transported to a location on Eastern Parkway where he was detained in a cell till about 9pm when he was brought to the 79th precinct.

18. At the precinct, plaintiff was kept in cell until the following day when he was brought to Central Booking. Plaintiff was detained in a cell for about three days before he was released after being charged to court.

19. The defendant officers subsequently met with prosecutors employed by the Kings County District Attorney's Office.

20. During said meeting, defendant officers falsely stated to the prosecutors, among other things, that plaintiff was operating a motor vehicle while under the influence of alcohol or drugs.

21. Consequently, plaintiff was charged and maliciously prosecuted on charges of operating a motor vehicle while under the influence of alcohol or drugs, disorderly conduct and prohibited noise until all the charges were dismissed on November 17, 2011.

22. As a result of the false arrest, unlawful imprisonment and malicious prosecution of plaintiff by defendants herein, plaintiff was made to undergo a complete and comprehensive chemical test.

23. Before and at the time plaintiff was unlawfully approached, seized, searched and detained by the police, he had not been engaging in any suspicious or unlawful conduct. Therefore, his warrantless seizure by the police was completely unjustified, in that it was made without reasonable suspicion or probable cause.

24. Plaintiff was falsely arrested, assaulted, maliciously prosecuted, and subjected to malicious abuse of criminal process.

25. Plaintiff suffered physical injuries, including injury to his wrists. Moreover, plaintiff suffered emotional distress and mental anguish and psychological trauma as a consequence of the assault and as a result of his arrest and as a direct consequence of criminal charges which were preferred against him.

26. As a result of the false arrest and malicious prosecution of plaintiff, his driver's license was suspended until the criminal charges were dismissed. The suspension of plaintiff's driver's license caused severe hardship to plaintiff.

27. The Plaintiff suffered violations of his federally guaranteed constitutional and civil rights including rights guaranteed to him under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

28. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for the violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

29. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct

30. The actions taken against plaintiff by the defendant Officers herein were also propelled by a policy and practice of the City of New York which promotes an "ends justifies the means" philosophy of combating crime including "quality of life" offenses, which causes Officers to arrest individuals, particularly blacks, without probable cause and to subject those individuals to false criminal charges and other kinds of charges and to subject those individuals to malicious prosecution, malicious investigation, malicious abuse of criminal process, and to excessive force, assault and battery. The said policy and practice falls disproportionately on persons of color.

31. These polices and practices violate the rights of the Plaintiff under federal law including the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

32. The actions of the defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of

force, and from malicious prosecution, abuse of process, and the right to due process.

33. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

34. The actions and conduct of the Officers and the polices and practices of the City of New York were negligent and the proximate cause of damages to the Plaintiff.

35. The Defendant Officers acted together and in concert sanctioning and ratifying and otherwise condoning the wrongful actions being taken by each of the defendant Officers in a collective manner and fashion.

36. The Plaintiff has no other adequate remedy at law but for this action.

## AS AND FOR A FIRST CAUSE OF ACTION

37. Plaintiff hereby restates paragraphs 1-36 of this Complaint, as though fully set forth below.

38. By arresting, detaining, imprisoning and maliciously prosecuting plaintiff, without justification, probable cause or reasonable suspicion, the Defendant Officers, deprived plaintiff of rights, remedies, privileges and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

39. In addition, the defendant officers conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

7

40. The Defendant Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Such acts by Defendant Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive the plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

41. Defendant Police Officers violated the Plaintiff's right to be free from unreasonable seizures, secured to him under the Fourth and Fourteenth Amendments to the United States Constitution, and Plaintiff's right not to be denied his liberty without due process of law, secured to him under Fifth and Fourteenth Amendments to the United States Constitution. By violating Plaintiff's constitutional rights under color of State Law, Defendant Police Officers violated the Civil Rights Act of 1871, 42 U.S.C. Section 1983 [and § 1985].

42. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damage herein before stated.

## AND AS FOR A SECOND CAUSE OF ACTION

43. Plaintiff hereby restates paragraphs 1-42 of this Complaint, as though fully set forth below.

44. In violation of 42 U.S.C. § 1983, Defendant Police Officers, while acting under color of State Law, charged Plaintiff with a crime and prosecuted him on those charges, without probable cause to believe he had committed a crime, without any legal justification, and with malice and intentional disregard for Plaintiff's rights. The criminal charges against Plaintiff were later dismissed.

45. Defendant Police Officers acted with malice and intentional disregard of Plaintiff's constitutional rights when they prosecuted Plaintiff because they were acting on allegations they knew to be false. Therefore, Defendant Police Officers are guilty of egregious conduct.

46. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damage herein before stated.

### AND AS FOR A THIRD CAUSE OF ACTION

47. Plaintiff hereby restates paragraphs 1-46 of this Complaint, as though fully set forth below.

48. By arresting, detaining, imprisoning and maliciously prosecuting plaintiff, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting him, the Defendant Officers, deprived plaintiff of rights, remedies, privileges and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York State Constitution.

49. In addition, the defendant officers conspired among themselves to deprive plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York State Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

50. The Defendant Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Such acts by Defendant Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive the plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York State Constitution.

51. Defendants, their officers, attorneys, agents, servants and employees were responsible

for deprivation of Plaintiff's State Constitutional rights. Defendant City, as employer of each of the defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

52. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damage herein before stated.

## AND AS FOR A FOURTH CAUSE OF ACTION

53. Plaintiff hereby restates paragraphs 1-52 of this Complaint, as though fully set forth below.

54. In physically assaulting, handcuffing, threatening and intimidating plaintiff, the defendant officers, acting in their capacities as NYPD Officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiff in violation of the Common Law.

55. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damage herein before stated.

## AND AS FOR A FIFTH CAUSE OF ACTION

56. Plaintiff hereby restates paragraphs 1-55 of this Complaint, as though fully set forth below.

57. Upon information and belief, defendant City of New York, through the NYPD, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

58. Upon information and belief, defendant City of New York, through the NYPD, owed a duty of care to the plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in like

situation would probable result from this conduct.

59. The defendant City of New York knew or should have known through the exercise of reasonable diligence that the defendant officers were not prudent and were potentially dangerous.

60. As a direct and proximate result of the negligence of the defendant City of New York in hiring and retaining the defendant officers, plaintiff sustained the damage hereinbefore stated.

## AND AS FOR A SIXTH CAUSE OF ACTION

61. Plaintiff hereby restates paragraphs 1-60 of this Complaint, as though fully set forth below.

62. Defendant Police Officers maliciously prosecuted Plaintiff on allegations they knew to be false, in violation of common law.

63. Defendant Police Officers acted with malice and intentional disregard of Plaintiff's rights under the Common Law when they prosecuted Plaintiff because they were acting on allegations they knew to be false.

64. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damage herein before stated.

## AS AND FOR A SEVENTH CAUSE OF ACTION

65. Plaintiff hereby restates paragraphs 1-64 of this Complaint, as though fully set forth below.

66. The Plaintiff was subjected to malicious prosecution in that he was arrested and charged, without probable cause, and subjected to criminal prosecution as a consequence thereof in violation of his rights under the laws of the State of New York.

67. That the plaintiff was wholly innocent of said charges and was forced by defendants to

submit to Court proceedings. Plaintiff was arraigned on the aforesaid charges and thereafter subjected to criminal prosecution without probable cause.

68. Defendants commenced the criminal proceeding against plaintiff because of a wrong and improper motive other than a desire to see the ends of justice served.

69. The aforesaid criminal proceeding was commenced by reason of defendants' intentional wanton, reckless and/or grossly negligent conduct.

70. That by reason of the said false arrest, detention and malicious prosecution, plaintiff was caused to suffer humiliation, bodily pain, mental anguish, embarrassment, and loss of income, was prevented from attending to his necessary affairs, and has been caused to incur legal expenses, medical expenses and has been otherwise damaged.

71. As a direct and proximate result of the negligence, misconduct and abuse of authority detailed above, Plaintiff sustained the damage herein before stated.

**AND AS FOR AN EIGHT CAUSE OF ACTION**

72. Plaintiff hereby restates paragraphs 1-71 of this Complaint, as though fully set forth below.

73. Defendants Police Officers were acting as agents of Defendant City of New York (through its Police Department) when they arrested, imprisoned, and prosecuted Plaintiff. Therefore, under the common law principal/agent *respondeat superior* rule, Defendant City of New York is jointly and severally liable with Defendant Police Officers for the general and specific damages Plaintiff sustained in each of the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eight, Ninth, Tenth, and Eleventh Causes of Action, as well as for the attorneys' fees and the costs and disbursements of the action.

74. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damage herein before stated.

### AND AS FOR A NINTH CAUSE OF ACTION

75. Plaintiff hereby restates paragraphs 1-74 of this Complaint, as though fully set forth below.

76. The violations of Plaintiff's constitutional rights and of Federal Law by Defendant Officers as alleged above, were carried out under the following policies, customs, and practices of Defendant City:

    i.    Failure to establish, publish, and instill in New York City Police Officers and Detectives the practical meaning of probable cause or reasonable cause for arrests so that officers would not detain and/or arrest citizens based on their hunches, inklings, or mere suspicion and without reasonable or probable cause;

    ii.    De-emphasizing the importance of an arrest warrant issued by a Judge or Magistrate, which would act as a buffer between the citizenry and the Police, and encouraging the Police under the aggressive policing policy of the Giuliani and Bloomberg administrations to arrest first and ask questions later;

    iii.    Failing to take proper corrective and punitive actions against overreaching police officers and creating the impression that crime reduction is paramount and triumphs over constitutional rights in all circumstances.

77. Under 42 U.S.C. § 1983, Defendant City is jointly and severally liable with Defendant Officers for the general and specific damages suffered by plaintiff, as well as for the attorneys' fees and the costs and disbursements of the action.

## AND AS FOR A TENTH CAUSE OF ACTION

## (Negligent Hiring, Training and Supervision Under State Law; Defendant City)

78. Plaintiff hereby restates paragraphs 1-77 of this Complaint, as though fully set forth below.

79. By virtue of the foregoing, defendant City of New York is liable to plaintiff because of its intentional, deliberately indifferent, careless, reckless, and/or negligent failure to adequately hire, train, supervise, and discipline its agents, servants and/or employees employed by the NYPD with regard to their aforementioned duties.

80. As a direct and proximate result of the acts and omissions of the defendants described in this Complaint, plaintiff suffered a significant loss of his liberty and violation of his federal constitutional rights, and suffered and continues to suffer significant emotional pain, distress, humiliation and embarrassment. Also, plaintiff suffered significant loss of income, was prevented from attending to his necessary affairs, and has been caused to incur legal and medical expenses as a result of the defendants' conduct alleged herein.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

i. For compensatory damages in an amount to be determined at trial - against all defendants, jointly and severally;

ii. For punitive damages against the individual defendants in an amount to be determined at trial;

iii. For reasonable attorneys' fees, together with costs and disbursements of this action, pursuant to 42 U.S.C. § 1988 and to the inherent powers of this Court;

iv. For pre-judgment interest as allowed by law; and

  v.  For such other and further relief as the court deems just and proper.

Dated: Brooklyn, New York
   October 12, 2012

               LAW OFFICE OF PHILIP AKAKWAM

             By:   /s/
               Philip Akakwam, Esq. (PA-8294)
               Attorneys for the Plaintiff
               303 Livingston St., 2nd Floor
               Brooklyn, N.Y. 11217
               (718) 858-2488

Index No. 12 CV 2005 (JBW)(MDG)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

PETER SIMON

                Plaintiff,

  -against-

THE CITY OF NEW YORK,
PO PRATIMA GILL, SHIELD # 26768
and PO DARREL DESIR

                Defendants.

---

## AMENDED COMPLAINT

---

LAW OFFICES OF PHILIP AKAKWAM
Attorneys for Plaintiff
Office and Post Office Address
303 Livingston Street, 2nd Floor
Brooklyn, N.Y. 11217
(718) 858-2488

---

TO:

---

Service of a copy of the within is hereby admitted.

Dated:

_____